**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos Alberto ZAPATA–ALVAREZ,
Defendant–Appellant.**

**No. 89–4225
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 5, 1990.

Richard Waserstein, Miami Beach, Fla., for defendant-appellant.

Joe M. Hollomon, Asst. U.S. Atty. and George Phillips, U.S. Atty., Jackson, Miss., for plaintiff-appellee.

Before GEE, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

Appellant Zapata questions the sufficiency of the evidence supporting his conviction for conspiracy to possess in excess of 1000 pounds of cocaine with intent to distribute and to import the cocaine in violation of 21 United States Code § 841(a) and 18 United States Code § 2. Zapata further chal-lenges the application of the federal sentencing guidelines to his case. We conclude that the evidence at trial supports Zapata's conviction and that the district court properly applied the federal sentencing guidelines to his case.

In 1987, the Drug Enforcement Administration (DEA) launched an undercover investigation into a ring formed to smuggle 6000 kilos of cocaine from Haiti to airstrips in the United States. As a result of their efforts, Zapata and his co-defendants were charged with and convicted of conspiracy and of aiding and abetting. The elements of conspiracy to distribute and to import cocaine are: (1) knowledge of the conspiracy, (2) intention to join, and (3) participation therein. *United States v. Glasgow*, 658 F.2d 1036 (5th Cir.1981); *United States v. Arredondo–Morales*, 624 F.2d 681 (5th Cir.1980). Aiding and abetting the possession of a drug with intent to distribute requires proof of: (1) aiding and abetting the possession and (2) aiding and abetting the intent to distribute. *United States v. Fischel*, 686 F.2d 1082 (5th Cir. 1982). Here, the evidence clearly supports a finding against Zapata as to each element of each offense.

The standard of review in deciding whether sufficient evidence exists to support a criminal conviction is whether any rational trier of fact could have found the essential elements of the conviction beyond a reasonable doubt, viewing the evidence in a light most favorable to the prosecution. *United States v. Chagra*, 669 F.2d 241, 257 (5th Cir.1982).

The prosecution presented evidence of Zapata's presence at numerous and extensive discussions regarding the cocaine smuggling scheme. We are mindful that mere presence is insufficient to establish the offense of conspiracy. *United States v. Martinez*, 479 F.2d 824 (1st Cir. 1973). Here, however, the prosecution has demonstrated more than Zapata's mere presence. The evidence shows that Zapata actively participated in the discussions regarding the proposed smuggling operation, including asking the informant if he and the undercover agent could deliver cocaine

to New York or California or wherever needed and whether it would be feasible for them to make a dry run. When asked to see the air strips proposed for use in the smuggling scheme, Zapata responded that "they" had seen enough. Later, Zapata decided that no trial run would be made and agreed to advance the informant $5000 expense money for the flight. The carriers telephoned and advised Zapata that the load of cocaine had safely arrived at the air strip. He went to the storage site and discussed payment for the load and for future operations. This discussion was filmed and taped.

Zapata contends that his statements were taken out of context. He was entitled to argue this to the jury. The jury determines credibility, and it is not ordinarily our place to overturn their assessment of it. On the basis of the evidence, a reasonable jury could be without reasonable doubt as to Zapata's guilt; and having failed to convince the jury otherwise, Zapata cannot prevail here.

■ Zapata also maintains that the district court made several errors in imposing sentence on him. He first attacks the federal sentencing guidelines directly as violating the presentment clause; next he challenges their applicability to his convictions. Zapata's constitutional challenge is without merit, as the enabling legislation for the guidelines was presented to and signed by the president. *See United States v. Barnard*, 887 F.2d 841, 842 (8th Cir.1989).

■ Zapata next contends that the guidelines do not apply to him because he committed his crimes before their effective date. The evidence adduced at trial included a conversation between Zapata, a DEA agent, and another member of the conspiracy about the cocaine and its distribution on November 10, 1987. The effective date of the sentencing guidelines was November 1, 1987. *United States v. White*, 869 F.2d 822, 826 (5th Cir.1989), *cert. denied*, — U.S. —, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989). Zapata's participation in the conspiracy was a continuing one, ending only with his arrest on November 10. His contention that the guidelines should not apply to offenses that originated before the effective date of the sentencing guidelines is thus meritless and similar to contentions rejected by us in *White*. *White*, 869 F.2d 822 at 826.

■ Having decided that the sentencing guidelines are applicable to Zapata's convictions, we now reach his points of error maintaining that the guidelines were improperly applied to his convictions. First he contends that the district court erred in not granting a two level reduction for acceptance of responsibility. Zapata cannot prevail with this contention unless we find the district court clearly erred in not allowing the reduction. *United States v. Gordon*, 876 F.2d 1121, 1127 (5th Cir.1989). Here we find no error. Zapata pled not guilty to the charged offenses and at trial repeatedly characterized his role as the most minimal, contrary to the facts as the trial court found them. The district court found that the post trial declarations of the defendant clearly manifested a denial of responsibility, and the trial judge was in a unique position to evaluate Zapata's credibility. We do not disturb the district court's finding.

■ Zapata further maintains that he should not have received a three level increase in sentencing status for his role as a manager or supervisor of the criminal activity. We conclude that the evidence in the record is sufficient to support such an increase. During Zapata's trial, the evidence established that Zapata was known as the "big man", was treated with deference by his co-conspirators, made unilateral decisions material to the furtherance of the conspiracy, was the first person notified upon delivery of the cocaine and contemplated the future plans of the conspiracy. The district court's finding is, therefore, amply supported by the record.

We find that Zapata's points of error are without merit and therefore affirm his convictions.

AFFIRMED.