**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5424

SHERRILL GARY BRINKLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-91-131-P)

Submitted: February 29, 1996

Decided: April 17, 1996

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

George V. Laughrun, II, GOODMAN, CARR, NIXON,
LAUGHRUN & LEVINE, P.A., Charlotte, North Carolina, for
Appellant. Mark T. Calloway, United States Attorney, Robert J. Con-
rad, Jr., Assistant United States Attorney, Brian L. Whisler, Assistant
United States Attorney, Charlotte, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sherrill Gary Brinkley was sentenced in 1993 to 360 months imprisonment for conspiracy, firearms offenses, and possession of a stolen vehicle. His sentence was affirmed on appeal but remanded for the vacation of either Count Two or Count Three (both firearms offenses) to avoid violation of the Double Jeopardy Clause, and for imposition of a thirty-year sentence. United States v. Brinkley, No. 93-5469 (4th Cir. Feb. 2, 1995) (unpublished). Before his resentencing, Brinkley moved to withdraw the guilty plea he entered in 1992 and to suspend the sentencing guidelines because of alleged Congressional improprieties in enacting the Sentencing Reform Act of 1984. The district court denied both motions and imposed a thirty-year sentence. Brinkley appeals the sentence and the denial of his motions. We grant his motion to file a pro se supplemental brief and affirm.

First, we find that none of Brinkley's claims regarding the calculation and imposition of his sentence are properly before the court in this appeal.* They were not raised at the resentencing hearing and could not have been raised because they were beyond the scope of the remand. See United States v. Bell, 5 F.3d 64, 66-67 (4th Cir. 1993) (when mandate of appeals court is precise, district court may not consider issues which mandate laid to rest). Moreover, Brinkley waived review of the validity of his guilty plea by failing to raise it at his initial sentencing or on his first appeal. Id.

_____

*Brinkley argues that the district court erred in enhancing his sentence for use of one of the firearms in a murder under United States Sentencing Commission, § 2K2.1(c)(2) (Nov. 1992), that all counts should have been placed in one group, that Counts Two and Four constitute one offense, and that the district court failed to state a reason for imposing sentence at the bottom of the guideline range.

2

Brinkley maintains that the sentencing guidelines violate the pre-sentment clause of the Constitution. U.S. Const. art. I, § 7. Numerous decisions have held that the enabling legislation for the guidelines was properly presented to and signed by the president. See e.g., United States v. Zapata-Alvarez, 911 F.2d 1025, 1027 (5th Cir. 1990) (citing United States v. Barnerd, 887 F.2d 841, 842 (8th Cir. 1989)). In a variation on this theme, Brinkley argues that Congress was without authority to present the enabling legislation[Pub. Law 98-473] to the president because President Reagan had pocket vetoed the same legislation in January 1983 and the veto was not overridden by a two-thirds majority. Although President Reagan did pocket veto a crime control bill in January 1993, it did not include the sentencing reform provisions which became the guidelines because the House did not accept the Senate version. Kate Stith & Steve Koh, The Politics of Sentencing Reform: The Legislative History of the Federal Sentencing Guidelines, 28 Wake Forest L. Rev. 223, 260 (1993). New legislation was prepared and in 1984 the House passed a continuing appropriations bill. Attached was a comprehensive crime bill which had been passed by the Senate and included the sentencing guidelines. This legislation was signed into law on October 12, 1984. Id. at 261-66. Thus, Congress did not attempt to override a presidential veto. Instead, new legislation was presented to the president.

Brinkley also argues that Congress lacked authority to use an appropriations bill to enact substantive laws. He cites Tennessee Valley Authority v. Hill, 437 U.S. 153 (1978), which held that continued appropriations for the Tellico Dam after enactment of the Endangered Species Act did not constitute an implied repeal of the Act with respect to that dam, despite statements in House and Senate Appropriations Committee Reports which expressed the committee members' view that the Act did not apply to Tellico Dam or that the dam should be completed regardless of the Act's requirements. Id. at 189-93. The case has no relevance here. Title I of House Joint Resolution 648 was a continuing appropriations bill; Title II was the Comprehensive Crime Control Act. See Romano v. Luther, 816 F.2d 832, 834 (2d Cir. 1987). Both were passed at the same time and Brinkley does not provide any coherent reason why Congress lacked authority to enact the law in this manner.

Finally, Brinkley contends that Judge Wilkins should have recused himself from the case. This issue was not raised in the first appeal and

3

has thus been waived. See Bell, 5 F.3d at 66 (issues foregone on appeal are waived). It is also without merit. In his main brief, Brinkley asserts that the guidelines as applied in his case exceed the intent of Congress, the issue raised in United States v. Carroll, 3 F.3d 98 (4th Cir. 1993). Judge Wilkins recused himself in that case. However, Carroll had already been decided by the time Brinkley's first appeal was heard and there was no need for recusal in Brinkley's case.

In his pro se supplemental brief, Brinkley argues that judges who are serving or have served as members of the Sentencing Commission must recuse themselves from all cases involving the sentencing guidelines. He relies on Mistretta v. United States , 488 U.S. 361, 406-08 (1989), which, contrary to his argument, held that federal judges are not constitutionally barred from serving on the Sentencing Commission, and that participation in the promulgation of guidelines "does not affect their . . . ability impartially to adjudicate sentencing issues." Id. at 407; see also United States v. Glick , 946 F.2d 335, 336-37 (4th Cir. 1991).

We therefore affirm the 360-month sentence reimposed by the district court and we affirm the court's denial of Brinkley's motions. Brinkley's motion to file a pro se supplemental brief is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4