**UNITED STATES of America,
Plaintiff/Respondent,**

v.

**Richard R. LACEY Defendant/Movant.**

Nos. 89–10054–01–SAC, 97–3452–SAC.

United States District Court,
D. Kansas.

Jan. 13, 1998.

Richard Ray Lacey, El Reno, OK, pro se.

James E. Flory, Office of U.S. Attorney, Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

On July 27, 1989, Richard Lacey was indicted by a federal grand jury for conspiracy to distribute cocaine and distribution of cocaine (Case No. 89–10054–01–SAC). On February 6, 1990, Lacey failed to appear at trial as ordered; Lacey was tried in absentia. The jury returned a guilty verdict on March 26, 1990. Lacey remained a fugitive until February 1991, when he was apprehended by Federal Marshals. On March 13, 1991, Lacey was sentenced on those drug charges. On that same day, Lacey was indicted for his failure to appear at his trial in Case No. 89–10054–01–SAC. On May 16, 1991, Lacey entered a plea of guilty to the failure to appear charge. Lacey was subsequently sentenced on the failure to appear conviction. Lacey appealed to the Tenth Circuit, which affirmed all of his convictions, but remanded the case for resentencing. *United States v. Lacey,* 969 F.2d 926 (10th Cir.1992), *cert. granted, judgment vacated,* 507 U.S. 901, 113 S.Ct. 1233, 122 L.Ed.2d 640 (1993). Lacey was subsequently resentenced on the failure to appear charge.

On October 7, 1992, Lacey filed a petition for Writ of Certiorari. On February 23, 1993, the Supreme Court vacated the judgment and remanded the case to the Tenth Circuit for further consideration in light of *Crosby v. United States,* 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993).[1] On April 16, 1993, the Tenth Circuit vacated Lacey's conviction related to the narcotics charges and remanded for a new trial. Lacey's conviction on the failure to appear was affirmed. *United States v. Lacey,* 990 F.2d 586 (10th Cir.1993).

Lacey's second trial in Case No. 89–10054–01–SAC commenced on the morning of May 16, 1994. Again, the jury found the defendant guilty on all counts. The Tenth Circuit affirmed his conviction and sentence. *See United States v. Lacey,* 86 F.3d 956 (10th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 331, 136 L.Ed.2d 244 (1996). The Supreme Court denied certiorari on October 15, 1996.

On October 27, 1997, Lacey filed a pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Dk.507). Lacey's § 2255 motion essentially asserts an ineffective assistance of counsel claim against his appointed attorney, Assistant Federal Public Defender Marilyn Trubey. Standing as the centerpiece to Lacey's motion is his contention that the Sentencing Guidelines were not adopted in a constitutional manner and are therefore void. In his motion, Lacey indicates that certiorari was denied on "October 22, 1996." Lacey ostensibly signed the pleading on October 18, 1997.

This case comes before the court upon the "United States' Motion to Dismiss Defendant's Motion Pursuant to Title 28, United States Code, Section 2255" (Dk.509). The government contends that Lacey's motion should be dismissed as untimely, as he did not file it within one year from October 15, 1996, the date on which the judgment of conviction became final, *i.e.,* the day the Supreme Court denied certiorari.

Lacey responds by filing a pleading titled "Motion to Strike United States' Motion to Dismiss Defendant's Motion Pursuant to Title 28, United States Code, Section 2255 and Cite AUSA James E. Flory for Contempt of District Court of Kansas" (Dk.510). In that pleading, Lacey apparently argues that because his counsel did not receive the Supreme Court's decision until October 21, 1996, and because he was not personally conveyed the news that certiorari had been denied until October 22, 1996, his § 2255 motion should be deemed timely as he deposited his motion in the institution mail on Monday, October 20, 1997, or within one year of the date he learned that his conviction was final. Lacey believes AUSA Flory's motion should be deemed contemptuous as the prosecution knows "that this prisoner is unlawfully sentenced under the United States Sentencing Guidelines."

## Analysis

"On April 24, 1996, the President signed into law the Antiterrorism and Effective

---

1. In *Crosby,* the Supreme Court held Fed. R.Crim.P. 43 does not permit trial in absentia of a defendant who is absent at the beginning of trial.

Death Penalty Act of 1996 [AEDPA], Pub.L. No. 104–132, 110 Stat. 1217 (1996)." *Hatch v. State of Okl.*, 92 F.3d 1012, 1014 (10th Cir.1996). Among other things, the AEDPA amended 28 U.S.C. § 2255. Title 28, section 2255 now provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

"As amended, 28 U.S.C. § 2255 precludes a prisoner from filing a § 2255 motion more than one year after the conviction becomes final. 28 U.S.C. § 2255(1). Prior to this amendment, 'a party could bring a § 2255 motion at any time.'" *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir.1997) (*quoting United States v. Lopez*, 100 F.3d 113, 116 (10th Cir.1996)) (footnote omitted), *cert. denied,* 502 U.S. 840, 112 S.Ct. 129, 116 L.Ed.2d 97 (1991).

█ As the government suggests, Lacey's conviction became "final" on the day the Supreme Court denied certiorari—October 15, 1996. *See Simmonds,* 111 F.3d at 744. Lacey's contention that he did not personally learn of that decision until five or six days later does not serve as a basis for extending the time for him to timely file his § 2255 motion. Even by his own account, Lacey did not deposit his motion into the prison mail until October 20, 1997—several days after the last date that he could have timely filed his § 2255 motion. Assuming, *arguendo,* that Lacey is entitled to the benefit of the application of the "mailbox rule,"[2] it provides him no solace as he still missed the one-year deadline by several days. Lacey's § 2255 motion is dismissed as untimely.[3]

█ Even if Lacey's § 2255 motion were timely, it would provide him no relief. Nothing he argues demonstrates that his counsel's performance was constitutionally deficient. In fact, Trubey arguably presented the most viable defense imaginable in the face of the overwhelming evidence of guilt introduced by the government. Lacey's conclusory allegations of ineffective assistance of counsel prove nothing. Trubey's failure to challenge the constitutionality of the Sentencing Guidelines or the manner by which they were adopted is not evidence of ineffective assistance of counsel,[4] as "counsel's failure to advance a meritless argument cannot constitute ineffective assistance of counsel." *Rodriguez v. United States,* 17 F.3d 225, 226 (8th Cir.1994).

IT IS THEREFORE ORDERED that the "United States' Motion to Dismiss Defendant's Motion Pursuant to Title 28, United States Code, Section 2255" (Dk.509) is granted. Lacey's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Dk.507) is dismissed as untimely.

IT IS FURTHER ORDERED that Lacey's "Motion to Strike United States' Motion to Dismiss Defendant's Motion Pursuant to Title 28, United States Code, Section 2255 and Cite AUSA James E. Flory for Contempt of District Court of Kansas" (Dk.510) is denied.

---

2. *See generally Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (notice of appeal deemed filed when posted within the prison mail system); *compare United States v. Valentin,* No. 92–540–01, 1997 WL 602771 (E.D.Pa. Sept.19, 1997) (applying "mailbox rule" to § 2255 motion) *with Burns v. Morton,* 970 F.Supp. 373, 376 (D.N.J.1997) ("mailbox rule" does not apply to § 2254 filings as "Congress included no such 'mailbox' provision in the AEDPA").

3. Lacey does not argue that any of the three remaining subsections of § 2255 apply, nor do they appear to apply in any event.

4. *See United States v. Brinkley,* 82 F.3d 411 (4th Cir.) (Table; available on Westlaw at 1996 WL 181484) ("Numerous decisions have held that the enabling legislation for the guidelines was properly presented to and signed by the president.") (*citing United States v. Zapata–Alvarez,* 911 F.2d 1025, 1027 (5th Cir.1990) (*citing United States v. Barnerd,* 887 F.2d 841, 842 (8th Cir.1989))), *cert. denied,* —— U.S. ——, 117 S.Ct. 141, 136 L.Ed.2d 88 (1996); *see generally Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) (upholding the constitutionality of the Sentencing Reform Act of 1984).