**Darrel BASKIN, Petitioner, Pro Se,**

v.

**UNITED STATES of America, Respondent.**

**Crim. No. 3:93CR199 (PCD).**

United States District Court, D. Connecticut.

March 25, 1998.

Darrel Baskin, Minersville, PA, pro se.

Theodore B. Heinrich, Joseph W. Martini, Bridgeport, CT, for U.S.

## RULING

DORSEY, District Judge.

Petitioner seeks to modify or vacate his sentence pursuant to 28 U.S.C. § 2255. For the reasons below, the petition is **denied without prejudice.**

## I. BACKGROUND

On January 5, 1994 petitioner, a member of the Green Top Posse, entered a plea of guilty to Count One of the Superseding Indictment which alleged conspiracy to posses with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846.

On September 28, 1994 petitioner was sentenced to 250 months imprisonment. Petitioner's appeal was denied. On November 27, 1995 the United States Supreme Court denied his petition for writ of *certiorari*. Petitioner submits evidence to establish that his attorney filed to inform him of the denial of *certiorari* until thirteen months later, in December 1996. He filed the pending petition on August 25, 1997. He requests transcripts of his plea hearing and a copy of his plea agreement. He seeks permission to file an amended complaint.

## II. ANALYSIS

### A. Timeliness

The petition is not time barred. The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 imposed a one year statute of limitations on § 2255 petitions. The issue here is whether the petition was filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. The AEDPA does not define when a judgment becomes "final" for purposes of a § 2255 petition. However, the AEDPA statute of limitations for § 2254 claims specifically runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1).

> [There is] no reason to treat the time limit for Section 2255 motions differently from that applicable to Section 2254 habeas petitions ... The legislative history of the AEDPA reveals no Congressional intent to apply different time limits to habeas petitions and Section 2255 motions. Other courts have treated the two time limits the same. And the Second Circuit has construed other similar provisions of Sections 2254 and 2255 in like manner.

*Santana v. United States,* 982 F.Supp. 942, 944–45 (S.D.N.Y.1997) (numerous footnote citations omitted); *United States v. Dorsey,* 988 F.Supp. 917, 918 (D.Md.). Thus, the one year statute of limitations for § 2255 petitions begins to run from "the conclusion of direct review or the expiration of the time for seeking such review." Where a request for a writ of *certiorari* from the United States Supreme Court has been denied, the limitation period begins to run from that denial. *Dorsey,* 988 F.Supp. 917, 918. The AEDPA's statute of limitations is subject to equitable tolling. *Calderon v. United States District Court,* 112 F.3d 386, 391 (9th Cir.1997).

Petitioner's request for *certiorari* was denied by the Supreme Court on November 27, 1995. The § 2255 petition was not filed until August 25, 1997, more than one year after the conclusion of direct review. Petitioner *pro se* asserts that this delay was due to his counsel's error, since his attorney Wed to notify him of the denial of *certiorari* until

December 1996, thirteen months later. Pet. Ex. A.[1] It would be grossly inequitable to bar petitioner's ineffective assistance of counsel claim on the basis that counsel's error permitted the statute of limitations to run.

Respondent argues that even if the petition were delayed by counsel's error, the petition is nonetheless untimely since it was filed more than one year after facts supporting the claim were discovered or could have been discovered. Respondent misunderstands the AEDPA's plain language. The statute of limitations runs *"from the latest of*—(1) the date on which the judgment of conviction becomes final; ... (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."* 28 U.S.C. § 2255 (emphasis added). The latest operative event was the Supreme Court's denial of *certiorari,* not the discovery of evidence to support the claim.

Accordingly, the petition is not time barred.

### B. Amended Petition

Pursuant to 28 U.S.C. § 1915, petitioner seeks transcripts of the plea hearing, a copy of the plea agreement, and requests permission to file an amended petition. In the interest of justice, these requests are granted. The Clerk shall furnish petitioner with transcripts of the plea hearing and a copy of the plea agreement, at no cost to petitioner.

## III. CONCLUSION

The § 2255 Petition (doc 403) is **denied without prejudice.** The Clerk shall send petitioner transcripts of the plea hearing and a copy of the plea agreement. Petitioner shall file an amended petition within 60 days of receipt thereof.

SO ORDERED.

---

1. Respondent offers no evidence to refute petitioner's contention that the delay was caused by counsel's mistake.