Raynaldo BRANDON, Petitioner,

v.

UNITED STATES of America, Respondent.

No. Civ.A. 98–1344–AM.
No. Crim. 94–141–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

March 2, 2000.

---

Terrell N. Roberts, III, Riverdale, MD, for petitioner.

Tessa M. Gorman, Special Assistant United States Attorney, United States Attorney's Office, Alexandria, VA, for respondent.

## ORDER

ELLIS, District Judge.

The matter is before the Court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Petitioner and three co-defendants were charged in a seven-count indictment with offenses arising out of the prison murder of a fellow inmate at the medium security facility at the District of Columbia Department of Corrections Facility in Lorton, Virginia. The evidence introduced at trial showed that petitioner and his co-defendants attacked the victim outside of their dormitory. Eyewitness accounts stated that one of the co-defendants grabbed the victim from behind and held him while petitioner and another co-defendant fatally stabbed the victim in the head and chest. Initially, petitioner claimed to be in Arabic language class at the time of the stabbing. At trial, however, petitioner presented an alibi witness who stated that he and petitioner were watching a movie at the time of the murder.

Petitioner was convicted on July 20, 1994, of (i) conspiracy to commit murder, in violation of 18 U.S.C. § 1117, (ii) murder, in violation of 18 U.S.C. §§ 1111, 1112, and (iii) possession of contraband, to wit: a "shank," in violation of 18 U.S.C. § 13, assimilating 53.1 Virginia Code § 203(4). Petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which denied his appeal on March 1, 1996. *See United States v. Smith, et al.,* 78 F.3d 580, 1996 WL 88056 (4th Cir. March 1, 1996) (unpublished dis-

position). Petitioner then filed a petition for writ of certiorari to the United States Supreme Court, which was denied on May 13, 1996. *See Smith et al. v. United States,* 517 U.S. 1199, 116 S.Ct. 1697, 134 L.Ed.2d 797 (1996). The instant § 2255 motion was filed here on September 10, 1998.

Petitioner attacks his conviction on three separate grounds. First, petitioner claims that he was denied effective assistance of counsel because his trial counsel failed to interview, or call at trial, known witnesses who, it was later revealed, had information that allegedly exculpated petitioner. In his direct appeal to the Fourth Circuit, petitioner claimed that the government withheld allegedly exculpatory information contained in six summary reports of witness interviews conducted by the FBI in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Fourth Circuit rejected this claim on the ground that, even assuming the reports contained exculpatory material, the government's failure to disclose them did not violate *Brady* because defense counsel knew of the witnesses and could have interviewed them himself, and "*Brady* does not compel the disclosure of evidence available to the defendant from other sources, including diligent investigation by the defense." *Smith,* 1996 WL 88056, at * 4. Seizing on this result, petitioner now claims that his counsel was deficient for failing to interview and call at trial the six witnesses who allegedly possessed the exculpatory information.

Second, petitioner claims that the prosecution's failure to disclose fully the six FBI witness reports was a violation of the *Brady* rule.

Finally, petitioner claims that he was denied his Sixth Amendment right to confrontation as articulated in *Gray v. Maryland,* 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998). At trial, the government sought to introduce a statement by one of petitioner's co-defendants that implicated co-defendant Smith. To comply

with the dictates of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the trial court redacted the statement by replacing Smith's name with the neutral pronoun "individual." Petitioner objected to this redaction on the ground that it created an unfair inference that he was the individual to whom the statement referred. On appeal, the Fourth Circuit rejected petitioner's argument that the redacted statement unfairly implicated him because the trial court had instructed the jury that the statement could only be used against the co-defendant who made the statement. *See Smith*, 1996 WL 88056 at \* 3. In 1998, the Supreme Court issued its opinion in *Gray v. Maryland*, which held that the *Bruton* protective rule applies to redacted confessions where the redactions simply replace a name with an obvious blank space, a word such as "deleted," or other similarly obvious indications of alteration. *See Gray*, 523 U.S. at 188, 118 S.Ct. 1151. Petitioner now argues that *Gray* constituted a new rule of constitutional criminal procedure which redefines an accused's fundamental rights under the Confrontation Clause, and as a result, he is entitled to a new trial.

■ Before the merits of petitioner's motion can be addressed, it is necessary to resolve the threshold question of the motion's timeliness. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a motion for post-conviction relief must be filed within one year of the date the conviction becomes final. *See* 28 U.S.C. § 2255. In this circuit, a conviction becomes final for purposes of § 2255, on the date when the petitioner can no longer seek direct review. *See, e.g., United States v. Walker*, 165 F.3d 22, 1998 WL 756928 (4th Cir.1998) (unpublished disposition) citing *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir.1997) (deciding that conviction became final after the Supreme Court denied certiorari); 28 U.S.C. § 2244 (providing, for motions attacking state court convictions, that a judgment becomes "final by the conclusion of direct review or the expiration of the time for

seeking such review"). An appellant's direct review procedure terminates when his or her petition for certiorari is denied or when the deadline for seeking a writ of certiorari has expired. *See Lambrix v. Singletary*, 520 U.S. 518, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997); *Allen v. Hardy*, 478 U.S. 255, 258 n. 1, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986). *See also United States v. Forbes*, 153 F.3d 723, 1998 WL 486339 (4th Cir.1998) (finding conviction became final 90 days after Fourth Circuit's affirmance of district court's judgment of conviction and barring petition as untimely); *United States v. Dorsey*, 988 F.Supp. 917, 918 (D.Md.1998) (noting growing consensus and holding that conviction becomes final for purposes of § 2255 when petitioner can no longer seek direct review).

Here, the direct review terminated when the petition for certiorari was denied on May 13, 1996, more than one year before petitioner filed the instant motion. This fact, the government argues, compels dismissal of the petition as time-barred. Petitioner concedes that his conviction became final on that date, but argues that the statute of limitations should be equitably tolled because neither he, nor his counsel, were notified of the Supreme Court's denial of certiorari until September 10, 1997, and the instant petition was filed within one year of that date.

■ The questions presented, then, are (i) whether the AEDPA's one-year statute of limitations is a procedural bar, as opposed to a jurisdictional bar, and thus subject to equitable tolling, and (ii) if so, under what circumstances is equitable tolling applicable. The Fourth Circuit has not addressed either issue. Courts elsewhere however, have determined that "equitable tolling is appropriate under the AEDPA ... if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Furr v. Robinson*, 2000 WL 152147, at \* 2 (E.D.Va. Jan.13, 2000); *see also Moore v. United States*, 173 F.3d 1131, 1133 (8th Cir.1999); *Kapral*

*v. United States,* 166 F.3d 565, 567 (3d Cir.1999); *Calderon v. United States Dist. Ct.,* 163 F.3d 530, 541 (9th Cir.1998); *United States v. Griffin,* 58 F.Supp.2d 863, 868 (N.D.Ill.1999). There is further authority to suggest such extraordinary circumstances exist when the prisoner is unaware that his conviction has become final until after the one-year limitations period has expired. *See Baskin v. United States,* 998 F.Supp. 188, 190 (D.Conn.1998) (one-year statute of limitations equitably tolled when petitioner's counsel failed to notify him of the denial of certiorari until thirteen months after it occurred); *see also Vasquez v. Greiner,* 68 F.Supp.2d 307, 310 (S.D.N.Y.1999) (factual dispute as to when petitioner first learned of the finality of his conviction precluded dismissal of the petition as untimely).

■ Here, petitioner claims that neither he, nor his counsel, received notice of the denial of certiorari until September 1997, after the one-year limitations period had expired. Specifically, petitioner's counsel on direct review has averred that he was not notified of the denial of certiorari until September 10, 1997 when he contacted the Supreme Court. Additionally, petitioner's current counsel, Christopher Griffiths, avers that, in August 1998, he reviewed the file in *James Smith, et al. v. United States of America,* Docket No. 95–8542, and found that the file contained a copy of notice of the denial of certiorari sent to counsel for James Smith, petitioner's co-defendant, but no correspondence or other documentation in the file indicated that petitioner or his counsel were notified of the denial of certiorari. The government does not refute the fact that petitioner did not receive either actual or constructive notice of the denial of certiorari until after the limitations period expired. As petitioner, though no fault of his own, first learned of the outcome of his final appeal after the time for seeking habeas review had expired, equitable tolling is appropriate in this case. *See Vasquez,* 68 F.Supp.2d at 310.

The government argues unpersuasively that equitable tolling is not warranted because the denial of certiorari is a public record which petitioner could have accessed any time before the limitations period expired. No supporting authority for this argument was cited,[1] nor has any been found. This is not surprising, for the argument, if accepted, would lead to an absurd result: courts would have no reason to provide notice of their decisions in these matters because prisoners, like petitioner, who have no meaningful access to court records,[2] would be deemed to know the contents of such records. Merely because court decisions are matter of public record is not a sufficient reason to assume that litigants who have no meaningful access to such records are aware of the court decisions that affect their cases. Absent reasonable notice of the decision rendering petitioner's conviction final, it is inequitable to begin the one-year statute of limitations period on the day petitioner's conviction became final.

Accordingly, it is hereby **ORDERED** that the motion to vacate sentence pursuant to 28 U.S.C. § 2255 is not barred as untimely. As a result, the merits of petitioner's claim must be examined.

---

1. The sole case cited by the government on this issue, *United States v. Lacey,* 993 F.Supp. 831 (D.Kan.1998), does not support the government's argument and is easily distinguished. In *Lacey,* the petition for the writ of certiorari was denied on October 15, 1996, although petitioner did not receive notice of the decision until five or six days later. Petitioner subsequently filed his § 2255 motion on October 20, 1997, more than one year after his conviction became final. Because the petitioner had ample time to file his petition despite the delay in receiving notice—360 days as opposed to 365—the district court declined to apply equitable tolling. *See Lacey,* 993 F.Supp. at 834. By contrast, petitioner here, unlike the *Lacey* petitioner, did not even learn of the denial of certiorari until after the one-year limitations period had passed. Unlike the petitioner in *Lacey,* who had 360 days to file a timely petition, this petitioner never had an opportunity to file a timely petition.

2. *See Vasquez,* 68 F.Supp2d at 310.

Because a response from the government would aid in evaluating the merits of the petition, the government is **DIRECTED** to file a response to the petition by 5:00 p.m., Friday March 17, 2000. Petitioner may file a reply by 5:00 p.m., Friday March 31, 2000.

The Clerk is directed to send a copy of this Order to petitioner and all counsel of record, and to send copies of this Order and the relevant pleadings in this matter to the United States Attorney for this District.