**Mefail CELIKOSKI**

v.

**UNITED STATES.**

**C.A.No. 98–390T.**

United States District Court,
D. Rhode Island.

Sept. 8, 2000.

Mefail Celikoski, Manchester, KY, pro
se.

### *MEMORANDUM AND ORDER*

TORRES, Chief Judge.

Mefail Celikoski has moved, pursuant to
28 U.S.C. § 2253, for a Certificate of Appealability ("COA") that would allow him
to challenge the dismissal of his Section
2255 motion on the ground that it was not
filed within the one-year limitation period
established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Celikoski argues that the statute of
limitations was equitably tolled by what he
claims was a delay in learning that his
direct appeal had been denied.

Although I find that the statute of limitations was not tolled, the motion for a COA is granted but only with respect to the issue of whether Celikoski's petition is time-barred.

### Background

After pleading guilty to charges of unlawfully re-entering the United States following deportation (8 U.S.C. § 1326) and possessing cocaine with intent to distribute (21 U.S.C. § 841(a)(1)), Celikoski was sentenced to 151 months in prison. An appeal was taken and, on March 18, 1996, Celikoski's appellate counsel filed an *Anders* brief and a motion to withdraw as counsel. The Court of Appeals afforded Celikoski an opportunity to submit a supplemental brief *pro se*, but Celikoski failed to do so.

On September 10, 1996, the Court of Appeals determined that Celikoski's appeal was "frivolous," *United States v. Celikoski*, No. 95–1503 (1st Cir. Sept. 10, 1996), and summarily affirmed his conviction. *Id.* The mandate reflecting that decision was issued on October 2, 1996.

On May 2, 1997, Celikoski sought leave from the Court of Appeals to file a "supplemental brief" in support of his appeal. That request was treated as a motion to reopen the case and was denied in August 1997.

On July 31, 1998, nearly two years after his appeal was denied and nearly one year after his "motion to reopen" was denied, Celikoski filed a Section 2255 motion in this Court. That motion alleged errors in calculating Celikoski's guideline sentencing range and that his attorney misled him regarding the sentence that he was likely to receive.

As previously noted, this Court denied Celikoski's motion on the ground that it was not filed within AEDPA's one-year statute of limitations. Celikoski alleges that "he was prevented from learning of the denial of his appeal," (Mem. at 4), until August 1997, when the First Circuit denied what it treated as Celikoski's motion to reopen his case, but he does not explain what "prevented" him from becoming aware of the denial sooner. Celikoski suggests, in effect, that the statute of limitations was tolled until August 1997, when he claims to have first learned that his appeal had been denied.

### Discussion

#### I. *AEDPA's Statute of Limitations*

In cases like Celikoski's, AEDPA's one-year limitations period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). Since Celikoski did not seek a *writ of certiorari* from the Supreme Court, there is some room for disagreement regarding the date on which his conviction became "final" for § 2255 purposes. Some courts have held that a conviction becomes "final" when the time for seeking *certiorari* expires. *See, e.g., Kapral v. United States*, 166 F.3d 565, 570 (3d Cir.1999). Other courts have held that the conviction becomes final when the Court of Appeals issues its mandate denying the appeal. *See, e.g., Gendron v. United States*, 154 F.3d 672, 674 (7th Cir.1998). This Court need not address the issue because, unless the statute of limitations was tolled, Celikoski's petition would be untimely under either test. The First Circuit's mandate issued on October 2, 1996, and the 90–day period for seeking *certiorari* expired on December 10, 1996. *See* Sup.Ct. R. 13. Celikoski's petition was filed on July 31, 1998, more than one year after the later of those dates.

■ Moreover, as this Court stated in dismissing Celikoski's petition, it is irrelevant that Celikoski's petition was filed within one year after his motion to file a "supplemental brief" had been denied. The possibility that a defendant could or the fact that the defendant does file some motion after his appeals have been exhausted does not deprive the conviction of its finality. Otherwise, a defendant could circumvent AEDPA's statute of limitations by filing a motion at any time and submit-

ting a § 2255 petition within one year after the motion is acted upon.

## II. *Equitable Tolling*

Celikoski's argument, essentially, is that the statute of limitations was equitably tolled during the period between the time that his appeal was denied and the time that he claims to have first learned of that denial.

■ Equitable tolling is a judicially created doctrine "that excuses a [late] filing when the plaintiff could not, *despite the exercise of reasonable diligence,* have discovered the information he needed in order to be able to file his claim on time." *Taliani v. Chrans,* 189 F.3d 597, 597 (7th Cir.1999)(emphasis added). It may be invoked to extend the limitations period established by a federal statute unless Congress has provided otherwise. *See Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

■ Neither the Supreme Court nor the First Circuit has specifically addressed whether equitable tolling applies to AEDPA's one-year statute of limitations, but other courts that have considered the question are nearly unanimous in holding that it does. *See, e.g., Kapral,* 166 F.3d at 575(citing *Miller v. New Jersey Dep't of Corrections,* 145 F.3d 616, 618 (3d Cir. 1998)); *Harris v. Hutchinson,* 209 F.3d 325, 329–30 (4th Cir.2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir.1999)(citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.1998)); *Taliani,* 189 F.3d at 597; *Calderon v. United States District Ct., Central District of Calif.,* 163 F.3d 530, 541 (9th Cir.1998); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998); *Sandvik v. United States,* 177 F.3d 1269, 1270 (11th Cir. 1999). *But see Giles v. United States,* 6 F.Supp.2d 648, 650 (E.D.Mich.1998).[1] This Court shares that view.

■ However, it is well established that the equitable tolling doctrine is limited to exceptional cases where the claimant has exercised "due diligence in preserving his legal rights," and it does not apply to "garden variety claim[s] of excusable neglect." *Irwin,* 498 U.S. at 96, 111 S.Ct. at 458. Thus, even those courts recognizing that equitable tolling may extend AEDPA's statute of limitations have refused to excuse late filings based upon claims that the petitioner's attorney miscalculated the filing deadline, *see Taliani,* 189 F.3d at 597; or that the motion was filed by mail instead of in person, *see Sandvik,* 177 F.3d at 1271–72; or that the prisoner spent part of the limitations period in special confinement separated from his glasses and his legal materials. *See Fisher,* 174 F.3d at 714.

In addition, the Court of Appeals for the District of Columbia, while reserving judgment on whether AEDPA's limitations period can be equitably tolled, has held that, in any event, the doctrine would not apply to two prisoners' claims that they were separated from their legal papers at the time the deadline expired, because the prisoners could have filed their § 2255 motions earlier in the one-year filing period. *See United States v. Cicero,* 214 F.3d 199, 205 (D.C.Cir.2000). This Court is aware of only two cases holding that AEDPA's one-year deadline was equitably tolled. One of those cases is readily distinguishable from this case and the other seems to be at odds with the overwhelming weight of authority on the subject. *See Calderon,* 163 F.3d at 541–42; *Baskin v. United States,* 998 F.Supp. 188 (D.Conn.1998).

In *Calderon,* the petitioner's counsel was precluded from filing a habeas corpus petition within the prescribed time because the trial court had stayed all proceedings pending a determination of the prisoner's competency. *Calderon* is readily distinguishable from this case because, in *Cal-*

---

1. Several of these cases dealt with habeas corpus petitions filed by state prisoners, pursuant to 28 U.S.C. § 2254, but AEDPA's one-

year statute of limitations applies to petitions under both § 2254 and § 2255. *See* 28 U.S.C. §§ 2244(d)(1); 2255.

*deron,* the prisoner was prevented from filing his petition by circumstances that were clearly beyond his control. *Id.*

In *Baskin,* the prisoner filed his § 2255 petition in August 1997, twenty months after the Supreme Court denied *certiorari* with respect to the affirmance of his conviction. *See* 998 F.Supp. at 189. The prisoner asserted that the delay was caused by his attorney's failure to notify him, until December 1996, that *certiorari* had been denied. *Id.* The Court concluded that the petition was not time-barred because "[i]t would be grossly inequitable to bar petitioner's ineffective assistance of counsel claim on the basis that counsel's error permitted the statute of limitations to run." *Id.*

Apparently the *Baskin* court found that the petitioner justifiably relied upon his counsel for information regarding the status of his appeal. Such a finding would distinguish *Baskin* from this case. Celikoski's counsel moved to withdraw in March 1996, nearly six months before Celikoski's appeal was decided, and Celikoski was invited to file a supplemental brief in support of his appeal. From that time on, Celikoski was on notice that he had sole responsibility to stay informed regarding the status of his appeal, and he cannot claim that he relied on counsel to monitor the progress of his appeal. Moreover, Celikoski, thenceforth, became obliged to act promptly to preserve his rights. *See Fisher,* 174 F.3d at 714 ("Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.").

■ To the extent that *Baskin* may not be entirely distinguishable on relevance grounds, this Court finds it less persuasive than the opinions of those courts that have found no equitable tolling. As already noted, equitable tolling applies only in exceptional cases where the claimant has exercised "due diligence" in preserving his legal rights. *Irwin,* 498 U.S. at 96, 111 S.Ct. at 458. Here, Celikoski has been far less than diligent. By his own admission, he made no inquiries regarding the status

of his appeal and took no action until May 2, 1997, fourteen months after his counsel had moved to withdraw, when he filed his motion for leave to submit a supplemental brief.

Moreover, even if this Court accepted Celikoski's bald assertion that he was "prevented," in some unspecified way, from learning that his appeal had been denied, he failed to exercise due diligence in filing his § 2255 motion. Celikoski acknowledges that he knew, on August 29, 1997, that his appeal had been dismissed. Nevertheless, he did not file his § 2255 motion until July 1998, more than eleven months later.

In short, Celikoski's tardiness in filing his § 2255 motion is attributable to his lack of due diligence and not to any factor that would support application of the equitable tolling doctrine.

### III. *Certificate of Appealability*

■ Under 28 U.S.C. § 2253, a COA from a "final order in a proceeding under section 2255" may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* §§ 2253(c)(1)(B) & (c)(2). The denial of Celikoski's motion, solely, on statute of limitations grounds does not raise any constitutional issue. However, the First Circuit has indicated that, when what it has termed "preliminary" procedural rulings regarding the timeliness of § 2255 motions "are predicates to consideration of a constitutional issue," they are proper subjects for COAs. *See Gaskins v. Duval,* 183 F.3d 8, 9 n. 1 (1st Cir.1999)(granting COA regarding order dismissing § 2255 petition on statute of limitations grounds).

Presumably, the First Circuit did not intend to require that, in determining whether a § 2255 petition raises a constitutional issue, the District Court must assess the merits of any constitutional claims asserted in the petition even though the District Court had found the petition to be time-barred. Rather, it appears that, in

such cases, the District Court's task is to decide, simply, whether the petition asserts a constitutional claim. Since Celikoski's motion asserts a constitutional claim (i.e., deprivation of the right to counsel), Celikoski's request for a COA is granted. However, pursuant to 28 U.S.C. § 2253(c)(3), the COA is limited to the issue of whether AEDPA's one-year statute of limitations bars Celikoski's § 2255 petition.