**Melvin Owens JACKSON, Petitioner,**

v.

**UNITED STATES of America.**

**Crim.A. No. 2:01CR50.**

United States District Court,
E.D. Virginia,
Norfolk Division.

April 26, 2004.

Melvin O. Jackson, pro se, for Plaintiff.

James A. Metcalfe, United States Attorney's Office, Norfolk, VA, for Defendant.

## ORDER

FRIEDMAN, District Judge.

Pending before the court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal custody ("petition"), filed on February 17, 2004 by Melvin Owens Jackson ("petitioner"), to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. Pursuant to Rule 4(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, the court engaged in preliminary consideration of the petition and concluded that a response from the government was required. In an order entered on March 18, 2004, the court ordered the government to respond within sixty (60) days. The government responded on April 2, 2004 and moved to dismiss the petition as untimely. The petitioner submitted a reply brief on April 19, 2004. After reviewing the briefs submitted by the parties, the court finds that the petition is time-barred by the statute of limitations imposed under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 110 Stat. 1214 (1996). Accordingly, the petition must be dismissed.

## I. Background

The procedural history behind the petition and the specific claims set forth therein are fully described in the court's order of March 18, 2004. In that order, the court determined that the petitioner's conviction became final on November 4, 2002, the date on which his petition for a writ of certiorari was denied by the United States Supreme Court. The petitioner claims that his petition was timely filed because his attorney failed to notify him of the denial of certiorari.

Along with its response urging dismissal, the government provided the affidavit of James B. Melton, the petitioner's counsel. In this affidavit, Mr. Melton avers that his office received notice of the denial of certiorari from the Supreme Court on November 11, 2002. (Affidavit of James B. Melton, pg. 2). Mr. Melton claims that he mailed a letter to the petitioner, advising him of the denial of certiorari and enclosing a copy of the Supreme Court notice. *Id.* Mr. Melton has attached copies of this letter and the Supreme Court notice to his affidavit. The letter is dated June 15, 2002. Mr. Melton claims that this date is an error and that his computer files reveal that the letter was last accessed on December 17, 2002. *Id.* Because his practice is to mail correspondence on the date such correspondence is printed, Mr. Melton believes that the letter was printed on the date it was last accessed. Therefore, the letter was mailed on December 17, 2002. *Id.* at 3.

In his reply to the government's motion to dismiss, the petitioner claims that the affidavit produced by Mr. Melton is ambiguous as to when notice of the denial of certiorari was sent to the petitioner. The petitioner claims that based on errors in

Mr. Melton's affidavit, including the problems with the computer dating, it is reasonable to conclude that Mr. Melton did not properly and timely notify the petitioner regarding the denial of certiorari. The petitioner avers that he was never notified by counsel that certiorari had been denied and that equitable tolling should excuse his late petition.

## II. Discussion

As the court explained in its March 18, 2004 order, the AEDPA includes stringent limitations on the filing of successive section 2255 petitions and assigns a "gatekeeping" function for the screening of habeas petitions. *See Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). Most importantly, for purposes of addressing these petitions, the AEDPA implemented a one-year limitations period applicable to the filing of section 2255 petitions. In relevant part, section 2255 provides:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

■ For the purpose of starting the clock on section 2255's one-year limitation period, the petitioner's conviction became final on November 4, 2002, the date on which the Supreme Court denied his petition for certiorari. *See United States v. Segers,* 271 F.3d 181, 182 (4th Cir.2001), *cert denied,* 535 U.S. 943, 122 S.Ct. 1331, 152 L.Ed.2d 237 (2002) (finding that denial of writ of certiorari renders conviction final for purposes of section 2255 statute of limitations). The petitioner's section 2255 petition was filed fifteen months after his conviction became final. Though this petition is not as untimely as many that come before the court, "[f]ailure to adhere to the AEDPA's precise filing deadlines, however, even 'by only a few days, would make navigating [the] AEDPA's timetable impossible.'" *Rouse v. Lee,* 339 F.3d 238, 253 (4th Cir.2003) (quoting *Lookingbill v. Cockrell,* 293 F.3d 256, 264–65 (5th Cir. 2002)).

From the petition itself, there has been no showing of any impediment by the government that would have prevented the petitioner from filing his section 2255 petition at an earlier date, and the petitioner's claims are not based on any rights newly recognized by the Supreme Court. In addition, with the exception of his claim that his attorney failed to notify him of the denial of certiorari, the petitioner's claims are based on facts that would have been known to the petitioner at the conclusion of his sentencing. Therefore, the limitations period on the petitioner's section 2255 petition expired prior to the filing of the petition.

### A. Equitable Tolling

■ The court does have the authority to toll the application, under equitable

principles, of the statute of limitations for a section 2255 petition. *See Harris v. Hutchinson,* 209 F.3d 325, 328–29 (4th Cir. 2000). The Fourth Circuit has held that the doctrine of equitable tolling is generally appropriate in two distinct situations; where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the government or where some extraordinary circumstances beyond the petitioner's control made it impossible to file the claims in a timely manner. *Id.* at 330. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Rouse,* 339 F.3d at 246. The petitioner makes no allegation that the government prevented him from asserting his claims. Therefore, equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.'" *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). The equitable tolling test adopted by the Fourth Circuit does not require consideration of the petitioner's underlying claims. *See Rouse,* 339 F.3d at 251.

█ The court need only consider equitable tolling if the petitioner was not provided with notice of the denial of certiorari, as he has alleged no other circumstances either in his petition or in his reply that would warrant tolling. The petitioner's counsel, in a sworn affidavit, has stated that he mailed the notice of the denial to the petitioner on December 17, 2002. The petitioner, in an affidavit filed with his petition on February 17, 2004, claims that Mr. Melton never so notified him and that in December 2003, the petitioner contacted the Clerk's Office of the United States Court of Appeals for the Fourth Circuit to determine when his petition was denied. The petitioner avers that it was not until

this contact that he learned that his petition for certiorari was denied in November 2002.

Faced with these conflicting accounts, the court will consider whether the delayed notification constitutes grounds for equitable tolling. The court does note, however, that the petitioner has not claimed that notice of the Supreme Court's denial was never provided to Mr. Melton, who, in fact, submitted a copy of the notice attached to his affidavit. The petitioner also refers to dating errors in the letter Melton claims he sent to the petitioner as constituting grounds to conclude that Melton never sent the letter. The court does find that the Supreme Court's notice of the denial of certiorari sent to Melton and the copy of the letter that Melton sent to the petitioner do corroborate Melton's account provided in his affidavit.

The court finds, however, that even if the petitioner never received the notice of denial from his attorney, equitable tolling does not excuse the untimeliness of his petition. The court is aware of authority that suggests that a petitioner's unawareness of the finality of his conviction constitutes the necessary extraordinary and external circumstances that warrant equitable tolling. *See Brandon v. United States,* 89 F.Supp.2d 731, 734 (E.D.Va. 2000) (finding that when petitioner and his attorney did not learn of denial of certiorari until after one-year limitation had passed, equitable tolling was appropriate); *Baskin v. United States,* 998 F.Supp. 188, 190 (D.Conn.1998). These cases, however, are not directly analogous to the instant situation and pre-date a recent Fourth Circuit case upon which the court bases its decision.

The court notes that in *Brandon* there was no allegation of attorney error as the petitioner's attorney also claimed not to have been informed of the denial of certio-

rari. *See Brandon,* 89 F.Supp.2d at 734. Furthermore, the government did not refute the "fact that petitioner did not receive either actual or constructive notice of the denial of certiorari until after the limitations period expired." *Id.* The *Brandon* court focused on the fact that the petitioner, through no fault of his own, first learned of the denial of certiorari after the time for seeking habeas review had expired. *See id.*

Similarly, in *Baskin,* the government offered no evidence to refute the petitioner's contention that the delay was caused by counsel's mistake. *See Baskin,* 998 F.Supp. at 190. The *Baskin* court concluded that "[i]t would be grossly inequitable to bar petitioner's ineffective assistance of counsel claim on the basis that counsel's error permitted the statute of limitations to run." *Id.* Therefore the *Baskin* court looked to the merits of the underlying claims to justify tolling, a practice that has not been adopted by the Fourth Circuit. *See Rouse,* 339 F.3d at 251.

Unlike *Brandon,* there is no dispute that the petitioner's counsel did have knowledge of the denial of certiorari. Also, unlike *Baskin* and *Brandon,* the government has provided evidence refuting the petitioner's claim that he never received notice of the denial. These decisions are not binding on the court, and although the petitioner claims that their generally similar factual scenarios suggest that a similar result should follow in this case, the court finds that the differing factual circumstances and a recent Fourth Circuit case clarifying when attorney error constitutes grounds for equitable tolling compels a different outcome.

In *Rouse v. Lee,* 339 F.3d 238, 250 (4th Cir.2003), the Fourth Circuit considered the timeliness of a habeas petition following post-conviction review in state court. The court determined that the petitioner,

Rouse, had until February 7, 2000 to file his federal habeas petition. Because Rouse did not file his petition until February 8, 2000, the district court concluded that the petition was untimely and the Fourth Circuit affirmed. *See Rouse,* 339 F.3d at 244.

The *Rouse* court considered whether the late filing of the petition, which resulted from an error made by Rouse's habeas counsel, constituted the extraordinary circumstances, external to the petitioner's own conduct, that would have prevented him from filing on time. *Id.* at 246. The court first found that attorney error did not generally present the extraordinary circumstances " 'where equity should step in to give the party the benefit of his erroneous misunderstanding.' " *Id.* at 248 (quoting *Harris,* 209 F.3d at 331).

Furthermore, the court found that the actions of Rouse's attorneys, as his agents, were attributable to him and, thus, did not "present 'circumstances external to the party's own conduct.' " *Id.* at 249 (quoting *Harris,* 209 F.3d at 330); *see Coleman v. Thompson,* 501 U.S. 722, 753–754, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (explaining that attorney error, short of ineffective assistance of counsel, is, under standard principles of agency, attributable to the client). The court found that the habeas petitioner bore the risk of attorney error, inadvertence or mistake, such that the error was not external. *Rouse,* 339 F.3d at 250 n. 12.

The *Rouse* court further explained that when ineffective assistance of counsel is involved, attorney error is not attributable to the petitioner. *See id.* "This is so, however, 'not because ... the error is so bad that the lawyer ceases to be an agent of the petitioner,' but rather, because 'the Sixth Amendment itself requires that responsibility for the default be imputed to

the State.'" *Id.* (quoting *Coleman,* 501 U.S. at 754, 111 S.Ct. 2546).

As Rouse had no constitutional right to counsel in his federal habeas proceedings, the court determined that there was no ineffective assistance of counsel because "there can only be constitutional ineffective assistance of counsel where there is a constitutional right to counsel." *Id.* (quoting *Coleman,* 501 U.S. at 752, 111 S.Ct. 2546.) Accordingly, the Fourth Circuit held that because Rouse's habeas counsel's error could not be constitutionally ineffective, that error was attributable to Rouse and not external to his own conduct. *See id.*

*Rouse* leaves the court with the direction that ineffective assistance of counsel must exist before attorney error can be used to trigger equitable tolling. *See id.* Clearly, a constitutional right to counsel does not exist for discretionary review by the Supreme Court, although a statutory right exists. *See Coleman,* 501 U.S. at 756, 111 S.Ct. 2546; *Ross v. Moffitt,* 417 U.S. 600, 611, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); 18 U.S.C. § 3006A. As the petitioner had no constitutional right to counsel beyond his direct appeal, any error of Mr. Melton in failing to inform the petitioner of the denial of certiorari does not amount to ineffective assistance of counsel. *See Wainwright v. Torna,* 455 U.S. 586, 588, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (failure of counsel to timely petition for certiorari to state supreme court was not ineffective assistance of counsel as no constitutional right to counsel existed past first appeal of right). Accordingly, Mr. Melton's error, if any, was not of a constitutional magnitude and, thus, it was not "external" to the petitioner's own conduct such that equitable tolling should apply. *See Harris,* 209 F.3d at 330.

## III. Conclusion

The court finds that the facts alleged by the petitioner do not constitute the necessary extraordinary circumstances, external to his own conduct, that warrant equitable tolling of his claims. *See Spencer,* 239 F.3d at 630. First of all, the court finds that Mr. Melton's affidavit, corroborated as it is by the attached exhibits, certainly calls into question whether he even committed any error. Even assuming that Mr. Melton neglected to inform the petitioner that certiorari had been denied, the petitioner waited a full year before inquiring into the matter. Giving the petitioner the benefit of this evidentiary dispute, however, the court finds that the alleged error committed by Mr. Melton did not constitute ineffective assistance of counsel because the petitioner had no constitutional right to counsel for discretionary appeals to the Supreme Court. Therefore, any attorney error that occurred in this setting was attributable to the petitioner.

Accordingly, pursuant to the statute of limitations proscribed in the AEDPA, the petition filed on February 17, 2004 is **DISMISSED**. The petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**