■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN VASQUEZ, Appellant. [629 NYS2d 213] —Judgment, Supreme Court, New York County (Stephen Crane, J.), rendered February 26, 1991, convicting defendant, after a jury trial, of reckless endangerment in the first degree and criminal possession of a weapon in the second and third degrees and sentencing him, as a persistent felony offender, to concurrent terms of 21 years to life, unanimously affirmed.

The court properly denied defendant's application to introduce an anonymous "911" call where defendant failed to lay any foundation for the admission of the tape under the excited utterance exception to the hearsay rule and the Court of Appeals had not yet adopted the present sense exception (*People v Brown*, 80 NY2d 729). Even applying the newly articulated standard in *Brown*, the call was not admissible where defendant failed to establish "some additional indicia of reliability" corroborating the hearsay statement (*supra*, at 736).

One of the People's witnesses, when asked if she saw the shooter in court, stated that she "assum[ed]" that defendant was the man but could not "honestly say" because defendant "look[ed] different" and was not wearing "those clothes." Based on changes in defendant's appearance that were critical to her identification, this witness was, pursuant to CPL 60.25, properly permitted to refer to her earlier identification (*People v Nival*, 33 NY2d 391, 395, *cert denied* 417 US 903). The People had the right to introduce evidence that the witness had previously identified defendant as the shooter based on his clothing and body build, not based on a recollection of his face.

The court's identification charge was fair and balanced. It did not discount defendant's arguments or omit facts favorable to him.

The prosecution has the right to cross-examine a witness regarding his or her failure to come forward with exculpatory information prior to trial. In order to lay a proper foundation for such questioning, the prosecutor must show circumstances "in which the natural impulse of a person possessing exculpatory information would be to come forward at the earliest possible moment in order to forestall the mistaken prosecution of a friend or loved one" (*People v Dawson*, 50 NY2d 311, 318).

Both the prosecutor and the court carefully phrased questions of defendant's long-time friend and alibi witness to avoid any reference to defendant's incarceration. The inadvertently elicited testimony that the witness did not recall being present for a hearing during which it was argued "whether or not [defendant] would be released on that particular day" and his statement that he "visit[ed] [defendant] in the courthouse" revealed only that defendant had been incarcerated on some prior date, not that he was currently incarcerated at the time of trial.

Considering the serious nature of the crimes for which defendant was convicted and his long and unabated violent criminal history, defendant's sentence does not represent an abuse of the trial court's discretion.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Ellerin, Wallach, Rubin and Tom, JJ.