**Juan VASQUEZ, Petitioner,**

v.

**Charles GREINER, Respondent.**

**No. 98 Civ. 6392(JSR).**

United States District Court, S.D. New York.

Sept. 29, 1999.

Juan Vasquez, pro se.

Asst. Dist. Atty. Susan Gliner, New York, NY, for Respondent.

## MEMORANDUM ORDER

RAKOFF, District Judge.

This Court concurs with the growing consensus that the one-year statute of limitations for filing a petition for habeas corpus contained in 28 U.S.C. § 2244 is subject to equitable tolling. Whether or not petitioner Juan Vasquez ultimately will qualify for such tolling remains uncertain, but for now he has made a sufficient showing to survive respondent's motion to dismiss.

The pertinent facts are as follows. On February 26, 1991, Vasquez was adjudged guilty of reckless endangerment in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. *See* Report and Recommendation of Magistrate Judge Pitman ("Mag.Rep.") at 1. Vasquez was sentenced to concurrent prison terms of 21 years to life and remains incarcerated to this day. *See id.* at 2.

Following his conviction, Vasquez appealed to the Appellate Division, First Department, which affirmed his conviction on June 27, 1995, *People v. Vasquez*, 216 A.D.2d 176, 629 N.Y.S.2d 213 (1st Dep't 1995), and then to the New York Court of Appeals, which affirmed the decision of the Appellate Division on July 2, 1996, *People v. Vasquez*, 88 N.Y.2d 561, 647 N.Y.S.2d 697, 670 N.E.2d 1328 (1996). Vasquez did not file a petition for a writ of certiorari in the United States Supreme Court, and his conviction consequently became final when the ninety day period for seeking certiorari expired on September 30, 1996. The one-year statute of limitations for filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 began running on that date. *See* 28 U.S.C. § 2244(d)(1)(A).

On May 1, 1998, seven months after this limitations period had expired, Vasquez filed the instant habeas petition, *pro se*. *See* Mag. Rep. at 1, 3. Respondent Charles Greiner, Superintendent of the Sing Sing Correctional Facility, promptly moved to dismiss on the ground that the petition was untimely. In response, Vasquez conceded that his petition was filed after the limitations period but argued that the statute of limitations should be equitably tolled because his appellate attorney had failed to notify him of the decision of the New York Court of Appeals—the event that triggered the 90 day period for seeking certiorari and, by extension, the running of the statute of limitations. Vasquez further claimed to have been notified of the decision on February 23, 1998, months after the limitations period had expired, in a letter received from the New York Court of Appeals in response to his own inquiry.

On February 4, 1999, the Honorable Henry Pitman, United States Magistrate Judge, issued his Report and Recommendation on respondent's motion to dismiss. Assuming, for purposes of the motion, the truth of petitioner's allegations, Judge Pitman concluded that the statute of limitations should be equitably tolled. Accordingly, Judge Pitman recommended that

respondent's motion be denied without prejudice to its renewal in the event that petitioner ultimately failed to establish that he lacked notice of the Court of Appeals' decision during the limitations period. Respondent filed timely objections.

Upon review of these objections, it appeared to this Court that petitioner's papers did not unambiguously indicate whether or not he had personal notice of the Court of Appeals' decision prior to the expiration of the limitations period. Accordingly, the Court conducted a telephonic hearing, on the record, on August 6, 1999. At the hearing, petitioner's former appellate attorney testified that her best belief was that she had timely notified petitioner of the Court of Appeals' decision both in writing and through oral communication with petitioner's sister who, as petitioner confirmed, was in regular contact with him. Conversely, petitioner testified unequivocally under oath that he was not informed of the decision until well after the expiration of the limitations period. *See* transcript, August 6, 1999. Without the benefit of demeanor evidence, and in the absence of any further information,[1] the Court was in no position to resolve this credibility conflict and thus was obliged to assume for present purposes the accuracy of petitioner's testimony. On that basis, the Court then undertook a *de novo* review of the underlying record and of the portions of Judge Pitman's proposed disposition that were objected to. *See* Fed. R.Civ.P. 72(b). Upon that review, the Court hereby determines that Judge Pitman's conclusions are correct and that respondent's motion to dismiss must be denied.

Respondent raises two objections to Judge Pitman's Report and Recommendation. First, respondent argues that the statute of limitations established by 28 U.S.C. § 2244(d) is not subject to equitable tolling; and second, respondent argues

that even if equitable tolling is appropriate, petitioner's factual allegations would not justify tolling in this case. Neither of these objections is persuasive.

■ As to the first objection, the Court notes that although the Second Circuit has not yet decided whether 28 U.S.C. § 2244(d) is subject to equitable tolling, all five circuits to have reached the issue have concluded that it is. *See Taliani v. Chrans,* 189 F.3d 597, 597–98 (7th Cir. 1999); *Davis v. Johnson,* 158 F.3d 806, 810–11 (5th Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 617–19 (3d Cir.1998); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998); *Calderon v. United States District Court,* 128 F.3d 1283, 1287–89, *cert. denied,* 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998), *overruled on other grounds,* 163 F.3d 530 (9th Cir.1998) (en banc). The Court agrees with the reasoning of those decisions and need not further belabor it, except to note that contrary to respondent's contention, nothing in the language or design of § 2244(d) is inconsistent with equitable tolling. This is not a case of a statute that sets forth the applicable limitations periods and exceptions in such technical detail as to indicate that Congress wished to provide for all situations and preclude further equitable exceptions, *see, e.g., United States v. Brockamp,* 519 U.S. 347, 352, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997). In the absence of such indications, it is reasonable to assume that Congress intended that the ordinary common law principles of equitable tolling would apply, *see id.* at 350, 117 S.Ct. 849, so that the rigidity and arbitrariness inherent in any statute of limitations would not go untempered by principles of elementary fairness and the specifics of individual situations. The lesson repeatedly learned

---

1. Although given ample opportunity to submit evidence from petitioner's sister following the

hearing, neither side chose to do so.

over many centuries—that law must be leavened with equity—cannot have been lost on Congress.

 Respondent's other objection is that the particular circumstances here presented do not warrant equitable tolling. As already noted, however, for purposes of the instant motion the Court must take as true plaintiff's sworn testimony that he was never informed by anyone of the Court of Appeals' decision until after the statute of limitations for filing a habeas petition had expired. Where a petitioner, through no fault of his own, first learns of the outcome of a final appeal after the time for seeking habeas has expired, equitable tolling is appropriate. *See Baskin v. United States,* 998 F.Supp. 188, 188–89 (D.Conn.1998); *cf. Lilly v. Newland,* No. C 98–2635 VRW (PR), 1998 WL 699067,\*2 (N.D.Cal.1998) (equitably tolling the statute of limitations for 45 days based on delayed notification of decision on application for collateral review but finding the petition untimely despite the tolling).

While respondent points to a few cases in which equitable tolling was denied, most of those cases involved notification delays that did not extend beyond the statute of limitations cut-off date, so that the petitioners could still have timely filed their petitions, *see, e.g., Mandarino v. United States,* No. 98 Civ. 590(LBS), 1998 WL 729703,\*2 (S.D.N.Y. Oct. 16, 1998) (noting that petitioner still had time in which to file after delayed notification of finality of conviction); *Smith v. Roe,* No. CV 98–

2746–JGD SH, 1998 WL 657667,\*3 (C.D.Cal. June 8, 1998) (noting that petitioner still had four months in which to file). As for the one case cited by respondent in which petitioner received notice after the statute of limitations had run, the case is inapposite, both because it involved statutory tolling rather than equitable tolling and because petitioner's own dilatory conduct was responsible for the running of most of the limitations period. *See Geraci v. Senkowski,* 23 F.Supp.2d 246, 253 (E.D.N.Y.1998).[2]

To be sure, equitable tolling may ultimately prove unwarranted on all the facts and circumstances—for example, if the evidence indicates that petitioner, in the exercise of reasonable diligence, should have known of the Court of Appeals' decision at an earlier date. But, given the state of the record at present, the Court cannot draw such a conclusion. While respondent would have the Court conclude that petitioner should have learned of the decision earlier because rulings of the New York Court of Appeals are published, the validity of such conclusion depends at a minimum upon proof that petitioner, who was incarcerated, had meaningful access to a publication containing such rulings. Nothing in the current record permits such a finding.

Equitable tolling might also be precluded, for example, if the weight of the evidence ultimately contradicts petitioner's claim that he did not learn that his conviction had become final until after the habeas limitations period had expired. In this

---

**2.** In *Geraci,* petitioner's principal argument with respect to delayed notification was based, not on equity, but on the language of 28 U.S.C. § 2244. *See Geraci,* 23 F.Supp.2d at 252 (addressing petitioner's argument that the statutory toll for "pending" motions extends beyond the date a motion is decided through the date the petitioner receives notice of the decision). Moreover, although the Court refused to toll the limitations period to take into account the delay between certain Court decisions and petitioner's notification by mail of those decisions, the delay would only have excused the running of a very small portion of the limitations period, *see id.,* and

examination of the decision reveals that the petitioner's own failure to promptly pursue certain state remedies was responsible for the running of most of the limitations period, *see id.,* at 253 (petitioner allowed 283 days of the limitations period to expire before tolling the statute of limitations by filing a motion to set aside his sentence). Thus, even if *Geraci* could be interpreted to involve equitable tolling, it would be readily distinguishable. Furthermore, as Judge Pitman noted, the Court in *Geraci* reached the merits of the habeas petition rather than dismissing it solely on statute of limitations grounds.

regard, the Court notes that the testimony of petitioner's appellate attorney at the Court's telephonic hearing raised substantial questions about whether petitioner's account is credible. But these questions must be resolved in the first instance by the Magistrate, after an in-court hearing in which demeanor and credibility can be properly assessed. Accordingly, Judge Pitman was correct in concluding that further hearings are necessary and that respondent's motion must therefore be denied without prejudice to its renewal.

Finally, the Court has carefully considered the other arguments raised by respondent and finds them to be without merit. Accordingly, the Court hereby incorporates by reference the Report and Recommendation of Magistrate Judge Pitman and, for the reasons articulated therein as modified by those set forth above, adopts its recommendation and denies respondent's motion to dismiss.

SO ORDERED.