■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUFEX THOMAS, Appellant. [750 NYS2d 296] —Judgment, Supreme Court, New York County (Lewis Stone, J.), rendered

December 13, 2000, convicting defendant, after a jury trial, of two counts of robbery in the first degree, three counts of robbery in the second degree, four counts of criminal possession of a weapon in the third degree and five counts of criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of 17 years, unanimously affirmed.

Based upon the victim's failure to identify defendant on the basis of present recollection, the court properly admitted testimony from a police officer who recounted the victim's identification of the defendant at the scene, in accordance with CPL 60.25. The victim recognized defendant at the scene on the basis of a combination of factors, and there is nothing in the statute which limits third-party testimony to recognition based solely on a defendant's face (*see People v Vasquez*, 216 AD2d 176, *affd* 88 NY2d 561).

The court properly exercised its discretion when it denied defendant's request to preclude the testimony of a police officer, and instead gave an adverse inference instruction as a sanction for inadvertently destroyed *Rosario* material. The court properly considered both "the degree of prosecutorial fault" and "the overriding need to eliminate prejudice to the defendant" (*People v Martinez*, 71 NY2d 937, 940). The sanction imposed was sufficient to prevent any prejudice. Therefore, there is no basis for reversal (*see* CPL 240.75). Concur—Williams, P.J., Nardelli, Ellerin, Rubin and Marlow, JJ.